(b) An applicant for admission to the bar has a continuing obligation, until the date of admission, to inform the Standing Committee on Character and Fitness, in writing, if any answers in the applicant's Affidavit of Personal History change or cease to be true.

*Staff Comment:* The proposed amendment of MCR 9.104 and MRPC 8.1 would expand the grounds for discipline to include the unauthorized practice of law before admission to the bar.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk in writing or electronically by July 1, 2001. P.O. Box 30052, Lansing, MI 48909, or MSC_clerk@jud.state.mi.us. When filing a comment, please refer to our File No. 00-22.

*Order Entered April 11, 2001:*

PROPOSED AMENDMENTS OF SUBCHAPTERS 7.300 AND 9.100 OF THE MICHIGAN COURT RULES. On order of the Court, notice of the proposed changes and an opportunity for comment in writing and at a public hearing having been provided, and consideration having been given to the comments received, the Court is not persuaded that the proposed amendments of subchapters 7.300 and 9.100 of the Michigan Court Rules, which were published at 459 Mich 1237 (1999), and 461 Mich 1272 (2000), should be made at this time.

WEAVER, J. *(dissenting)*. I would adopt the proposed amendments. I believe that the Attorney Discipline Board should have the authority to rescind an attorney's license to practice law, without the possibility of reinstatement.

*Order Entered April 19, 2001:*

*In re* JELSEMA, No. 117946. On order of the Court, the Judicial Tenure Commission has issued a decision and recommendation for order of discipline, and the Honorable Jack R. Jelsema has consented to the commission's findings of facts, conclusions of law and recommendation of public censure.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

[E]verything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the following findings and conclusions of the Judicial Tenure Commission, Decision and Recommendation for Order of Discipline, dated March 12, 2001, which we adopt as our own:

1) Respondent is now, and was, at all times mentioned, a judge of the 62A District Court on assignment to the 17th Judicial Circuit in Kent County.

2) On November 4, 1985, a judgment of divorce was entered in *Rosema v Rosema*, 84-52548-DM. By terms of that judgment, primary physical custody of the children was awarded to the plaintiff mother with the father ordered to pay child support and alimony.

3) In December 1991, the plaintiff mother petitioned the 17th Judicial Circuit Court to modify child support. The matter was eventually transferred to Respondent for decision.

4) In May 1993, Respondent entered an order which terminated payment of alimony and modified payment of child support.

5) On September 26, 1995, the Michigan Court of Appeals affirmed Respondent's order of May 1993.

6) On October 29, 1996, the Michigan Supreme Court vacated the judgment of the Court of Appeals and remanded the case for recomputation of child support. The Supreme Court ordered that Respondent either effect the parties' 1985 agreement that the children's father pay a substantial portion of his income in excess of applicable child support guidelines for his children or provide

"expanded findings of fact and conclusions of law in support of a different dispositional ruling."

7) After remand from the Supreme Court, the parties submitted briefs and Respondent held a hearing. On July 21, 1998, Respondent issued a written opinion interpreting the Supreme Court's order.

8) After exchange of financial information, obtaining of prior child support guidelines, and review of documents, counsel for plaintiff prepared a proposed order and submitted it under MCR 2.602(B)(3), the so-called 7-day rule. Counsel for the former husband objected to the proposed order.

9) Respondent heard arguments regarding the propriety of the proposed order and took the matter under advisement. Respondent rendered a decision February 7, 2000, approximately 11 months after the hearing and more than three years after remand from the Supreme Court.

10) Respondent's conduct, as described above in paragraphs 1-9, constitutes:

a. Misconduct in office, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;

b. Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;

c. Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;

d. Conduct involving impropriety and the appearance of impropriety, contrary to the Code of Judicial Conduct, Canon 2A;

e. Persistent failure to perform judicial duties or neglect in the performance of your judicial duties, contrary to MCR 9.205(C)(2) and (5);

f. Failure to dispose promptly of the business of the court in violation of the Code of Judicial Conduct, Canon 3A(5); and

g. Conduct violative of MCR 9.104(1) and (2) in that such conduct:

is prejudicial to the proper administration of justice; and

exposes the legal profession or the courts to obloquy, contempt, censure or reproach.

11) On February 14, 2000, the Commission invited Respondent's comments to Grievance No. 99-12551. Respondent neither submitted a reply nor requested additional time to respond.

12) On May 3, 2000, the Commission again provided Respondent with a copy of the grievance and requested his comment to Grievance No. 99-12551. Respondent was asked to respond by Friday, May 19, 2000. Respondent neither submitted a reply nor requested additional time to respond.

13) On June 22, 2000, Respondent was sent a 28-day letter inviting his comment to Grievance No. 99-12551, pursuant to MCR 9.207(C).

14) On September 11, 2000, Respondent was sent a second 28-day letter with respect to his failure or refusal to reply to prior communications from the Commission concerning Grievance No. 99-12551. Respondent neither submitted a reply nor requested additional time to respond.

15) Respondent's conduct, as described above in paragraphs 11-14, constitutes:

a. Misconduct in office as defined by the Michigan Constitution of 1963, Article VI, § 30 as amended, and MCR 9.205;

b. Conduct clearly prejudicial to the administration of justice as defined by the Michigan Constitution of 1963; Article VI, § 30, as amended, and MCR 9.205;

c. Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;

d. Conduct involving impropriety and the appearance of impropriety, contrary to the Code of Judicial Conduct, Canon 2A;

e. Failure to cooperate with the Commission during a preliminary investigation, contrary to MCR 9.213(B); and

f. Conduct violative of MCR 9.104(1) and (2), in that such conduct:

is prejudicial to the proper administration of justice; and

exposes the legal profession or the courts to obloquy, contempt, censure or reproach.

16) Respondent presided over *Engman v Engman*, No. 95-1170-DO, a divorce case.

17) On a regular basis, Respondent persistently failed to act or was persistently neglectful in performance of his duties. Such omissions or neglect included failure to timely decide motions or promptly enter orders after matters were decided by the court.

18) Respondent's conduct, as described above in paragraphs 16-17, constitutes:

a) Misconduct in office, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;

b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;

c) Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;

d) Conduct involving impropriety and the appearance of impropriety, contrary to the Code of Judicial Conduct, Canon 2A;

e) Persistent failure to perform judicial duties or neglect in the performance of your judicial duties, contrary to MCR 9.205(C)(2) and (5);

f) Failure to dispose promptly of the business of the court in violation of the Code of Judicial Conduct, Canon 3A(5);

g) Conduct violative of MCR 9.104(1) and (2) in that such conduct:

is prejudicial to the proper administration of justice; and

exposes the legal profession or the courts to obloquy, contempt, censure or reproach.

19) On August 24, 2000, the Commission invited Respondent's comments to Grievance No. 00-12699. Respondent neither submitted a reply nor requested additional time to respond.

20) On September 11, 2000, Respondent was sent a 28-day letter, inviting his comment to Grievance No. 00-12699. Respondent neither submitted a reply nor requested additional time to respond.

21) Respondent's conduct, as described above in paragraphs 19-20, constitutes:

(a) Misconduct in office, as defined by the Michigan Constitution of 1963, Art. VI, § 30, as amended, and MCR 9.205;

(b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Art. VI, § 30, as amended, and MCR 9.205;

(c) Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;

(d) Conduct involving impropriety and the appearance of impropriety, contrary to the Code of Judicial Conduct, Canon 2A;

(e) Failure to cooperate with the Commission during a preliminary investigation, contrary to MCR 9.213(B); and

(f) Conduct violative of MCR 9.104(1) and (2), in that such conduct:

is prejudicial to the proper administration of justice; and

exposes the legal profession or the courts to obloquy, contempt, censure or reproach.

\*      \*      \*

Respondent has served on the bench for approximately 21 years. He has not been the subject of public disciplinary action during that period.

Respondent expressed sincere regrets for his conduct in a meeting with a Commission sub-committee. In agreeing to be publicly disciplined, Respondent assures both this Court, the Commission and the public that he understands the gravity of his conduct and makes a solemn commitment to avoid the unwarranted delay, inaction and failure to timely act which gave rise to these proceedings.

After reviewing the recommendation of the Judicial Tenure Commission, the respondent's consent, the standards set forth in *Brown*, and the above findings and conclusions, we order that the Honorable Jack R. Jelsema be publicly censured. This order stands as our public censure.